Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Hilary Harris, State Bar No. 339697
E-Mail: hharris@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for MICHEL MOORE, J. PETERS, E. MURO, CLARK, N. CHACON and BEN MCPHEETERS

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

G. ASHLEY,

Plaintiff,

v.

MICHEL RAY MOORE, ERIC MICHAEL GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, PAUL KORETZ, NURY MARTINEZ, MONICA RODIGUEZ, MARQUEECE-HARRIS, MARK RIDLEY-THOMAS, MICHAEL JOSEPH BONIN, JOHN LEE, MITCH O'FARRELL, KEVIN DE LEON, JOSEPH BUSCAINO, WILLIAM J. BRIGGS II, EILEEN DECKER, DALE BONNER, MARIA LOU CALANCHE, STEVE SOBOROFF, LAPD OFFICERS J. PETERS 37707, E. MURO 36863, CLARK 39587, N. CHACON, B. McPHEETERS 30483, and 10 UNKNOWN NAMED DEFENDANTS, 1-10,

Defendant.

Case No. 2:22-cv-04909-DMG (KSx)

**DEFENDANTS' PORTION OF JOINT STIPULATION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 10**

DISCOVERY MATTER: Honorable Chief Magistrate Judge Karen L. Stevenson

Trial Date: 04/09/24

## I. <u>COUNTY DEFENDANTS' INTRODUCTION</u>

This action arises out of an incident that occurred during a traffic stop on

September 9, 2019. LAPD Officers Peters and Muro pulled Plaintiff over for traffic violations. The officers observed Plaintiff making furtive movements in the front seat and called for backup and a supervisor. They believed he may be concealing a weapon or contraband. Plaintiff initially refused to exit the vehicle. He eventually exited, rolled up the windows, locked the door, and walked up to the front of the vehicle. Officers Chacon and Clark arrived. The officers ordered Plaintiff to face a wall and put his hands behind his back. Plaintiff refused. They advised Plaintiff that if he continued to disobey orders, they may use reasonable force. Officers Peters and Chacon attempted to handcuff Plaintiff. Plaintiff physically resisted their efforts. After several warnings and continued resistance from Plaintiff, Officer Chacon tased Plaintiff. Officers Peters and Chacon eventually used a team-takedown maneuver to control Plaintiff. Since Plaintiff continued to resist, Officer Clark tased Plaintiff. Plaintiff finally stopped resisting. The officers handcuffed Plaintiff and placed a hobble device on his legs. Officer Chacon suffered deep scratches to his right hand as a result of Plaintiff's resistance.

After medical personnel transported Plaintiff to the hospital via ambulance, a non-Defendant officer saw prescription promethazine, hydrochloride, and codeine phosphate syrup in plain view inside Plaintiff's vehicle. Officer McPheeters then searched Plaintiff's vehicle and discovered methamphetamine, methamphetamine paraphernalia, a loaded firearm, ammunition, and a court document with Plaintiff's name on it. Since Plaintiff is a convicted felon, his firearm possession was a felony.

Plaintiff brought this action against the City of Los Angeles and multiple LAPD officers, alleging Civil Rights violations under U.S.C. § 1983 for unreasonable use of force, police brutality, thuggery, and RICO violations.

The subject of the present motion is Plaintiff's unreasonable demand for Defendants to disclose the dates of birth, personal home addresses, and educational backgrounds for each LAPD officer listed in Chief Moore's initial disclosures. Disclosure of this personal and sensitive information is outside the scope

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

of discovery. Further, the subject information is obviously protected by the right to privacy, and disclosure of such information would put the officers' and their families' lives at risk. There is no reason Plaintiff needs the requested information, and Defendants take issue with Plaintiff's attempts to acquire the information, given it puts the officers' and their families' lives at risk. Simply put, Defendants will not disclose the requested information. The Court should award Defendants sanctions for the time spent on opposing this frivolous and highly offensive motion.

## II. DEFENDANTS' OPPOSITION TO MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 10.

### A. Plaintiff's Motion to Compel Responses to Interrogatory No. 10 Should be Denied Because It Is Outside the Scope of Discovery as Governed by Federal Rule of Civil Procedure, Rule 26(b).

Under Federal Rule of Civil Procedure 26(b):

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense and proportional to the needs of the case,*** considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b) (emphasis added).

The information sought through interrogatory number 10 is completely outside the scope of discovery and irrelevant, as governed by Federal Rule of Civil Procedure 26(b). An officer's date of birth is wholly irrelevant to the facts of this case, and the age of a police officer holds absolutely no bearing to the incident in this case. Similarly, an officer's home address is irrelevant to the facts in this case. For the purposes of service, all officers may be reached through defense counsel of record. Lastly, the broad request to provide each officers' educational background is outside the scope, and the vast majority of responses would be irrelevant. The only potentially

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

relevant information would include their training without the Los Angeles Police Department.

For these reasons, Defendants respectfully request this Court deny Plaintiff's Motion to Compel responses to interrogatory number 10.

**B. Plaintiff's Motion to Compel Responses to Interrogatory No. 10 Should be Denied Because It Is a Grave Violation of Officers' Right to Privacy as Governed by the United State and the California Constitutions.**

The constitutional protection of privacy in discovery matters extends to Plaintiffs as well as Defendants. *See Vinson v. Superior Court* (1987) 43 Cal. 3d 833, 841; *see also, Heda v. Superior Court* (1990) 225 Cal. App. 3d 525, 528. Nonparties are also afforded the constitutional protection of privacy in discovery matters. *See Digital Music News LLC v. Superior* Court, 226 Cal. App. 4th 216, 229 (2014). The U.S. Supreme Court has identified two types of interests that are protected by the right to privacy: (1) the right to autonomous decision-making; and (2) the right to nondisclosure of intimate personal information (confidentiality). *Whalen v. Roe*, 429 US 589, 599-600 (1977). Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F.2d 114, 119-120 (3rd Cir. 1982). Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (federal right of privacy); *West Bay One, Inc. v. Does 1-1,653*, 270 F.R.D. 13, 15-16 (D.D.C. 2010) ; *Shaw v. Experian Information Solutions, Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015). Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

statutory mandate, articulated public policy, or other recognizable public interest militating toward access." See *Seaton v. Mayberg*, 610 F.3d 530, 539, 541, fn. 47 (9th Cir. 2010).

Here, Plaintiff is requesting Defendants provide the dates of birth, personal home addresses, and educational backgrounds for all officers disclosed in Chief Moore's initial disclosures initial disclosures. Some of the Officers disclosed are parties to this action and some are nonparties. Information sought through interrogatory number 10 includes: (a) their dates of birth; (b) their residence addresses; (c) their educational backgrounds; (d) their qualifications to perform the tasks of their governmental employment; and (e) all government employments and their inclusive dates. Subparts a, b, and c request extremely personal information, including each LAPD Officers' date of birth, residence address, and their entire educational background from high school onward.

Here, the LAPD Officers are being compelled by Plaintiff to disclose extremely personal information in subparts a, b, and c to interrogatory number 10. . For the general public, disclosing dates of birth, home addresses, and educational background is an invasion of privacy. This is multiplied ten-fold when LAPD officers are asked to disclose such personal identifying information. Not only is this wholly unnecessary for the litigation of this matter, but it is an enormous violation of each Officers' right to privacy. Every day, LAPD officers interact with dangerous people in our society ranging from drug offenders to organized crime. Putting any personal identifying information in the public purview would subject the officers and their families to dangers untold. Plaintiff is asking for that target to be placed on each of the officers' back by requesting such information without any support for his need.

For these reasons, the privacy interests of these officers greatly outweigh whatever supposed interest Plaintiff has in receiving LAPD officers' dates of birth, home addresses, and educational backgrounds. Thus, Defendants respectfully request this Court deny Plaintiff's Motion to Compel responses to interrogatory number 10

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

for these reasons.

**C. Plaintiff's Motion to Compel Responses to Interrogatory No. 10 Should be Denied Because It Vastly Exceeds the Number of Interrogatories Allowed under Federal Rule of Civil Procedure 33.**

Under Federal Rule of Civil Procedure 33:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party ***no more than 25 written interrogatories, including all discrete subparts***. Fed. R. Civ. P. 33 (emphasis added).

The number permitted without leave of court is 25 interrogatories, including subparts. Plaintiff previously propounded discovery on Defendants which totaled 31 interrogatories, including subparts, through interrogatory number 1 through 9. In interrogatory number 10, there are 55 total interrogatories requested when all subparts are counted. Chief Moore disclosed eleven (11) Officers in his initial disclosures. Since interrogatory number 10 includes five (5) subparts (a-e) that must be answered for *each* officer Chief Moore disclosed, the total amounts to 55 interrogatories. This is more than double the amount allowed under the federal rules just in interrogatory number 10 alone. In combining that number with the previously propounded interrogatories 1 through 9, Plaintiff has propounded a total of 86 interrogatories, including subparts.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

For this reason, in addition to those above, Defendants respectfully request this Court deny Plaintiff's Motion to Compel responses to interrogatory number 10 and order sanctions be ordered against Plaintiff's counsel.

DATED: March 13, 2023 HURRELL CANTRALL LLP

By: */s/ Hilary Harris*
THOMAS C. HURRELL
HILARY HARRIS
Attorneys for MICHEL MOORE, J. PETERS, E. MURO, CLARK, N. CHACON and BEN MCPHEETERS

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000