Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Hilary Harris, State Bar No. 339697
E-Mail: hharris@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for MICHEL MOORE, J. PETERS, E. MURO, CLARK, N. CHACON and BEN MCPHEETERS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

G. ASHLEY,

Plaintiff,

v.

MICHEL RAY MOORE, ERIC MICHAEL GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, PAUL KORETZ, NURY MARTINEZ, MONICA RODIGUEZ, MARQUEECE-HARRIS, MARK RIDLEY-THOMAS, MICHAEL JOSEPH BONIN, JOHN LEE, MITCH O'FARRELL, KEVIN DE LEON, JOSEPH BUSCAINO, WILLIAM J. BRIGGS II, EILEEN DECKER, DALE BONNER, MARIA LOU CALANCHE, STEVE SOBOROFF, LAPD OFFICERS J. PETERS 37707, E. MURO 36863, CLARK 39587, N. CHACON, B. McPHEETERS 30483, and 10 UNKNOWN NAMED DEFENDANTS, 1-10,

Defendant.

Case No. 2:22-cv-04909-DMG (KSx)

**DECLARATION OF HILARY HARRIS IN SUPPORT OF DEFENDANTS' PORTION OF JOINT STIPULATION FOR PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 10**

DISCOVERY MATTER: Honorable Chief Magistrate Judge Karen L. Stevenson

Trial Date: 04/09/24

I, Hilary Harris, declare:

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1. I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for CHIEF MOORE, OFFICER PETERS, OFFICER MURO, OFFICER CHACON, OFFICER CLARK, and OFFICER MCPHEETERS herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. On February 28, 2022, this Court denied without prejudice Plaintiff's discovery motion to compel responses to Interrogatory No. 10. Dkt. No. 55.

3. On March 10, 2023, I was alerted by Plaintiff's Counsel that he resent via facsimile a Joint Stipulation to refile a Motion to Compel Responses to Interrogatory No. 10. Exhibit A.

4. The facsimile transmission was sent to our firm's "spam" folder, and I did not know it existed until March 10, 2023.

5. I immediately had Defendants' portion of the Joint Stipulation personally served to Mr. Yagman's business address at 333 Washington Boulevard, Venice Beach, CA, 90292. Exhibit B.

6. Once the process server arrived, she was told that the employee of the location would not accept service of the documents. Photos are attached of Mr. Yagman's business address location. Exhibit C.

7. The process server served the documents at 1:35 p.m. Exhibit B.

8. I was instructed by Mr. Yagman in previous conversations that 333 Washington Boulevard, Venice Beach, CA 90292 is the only address in which he will accept service since that is his "business address."

9. Mr. Yagman does not accept facsimile or e-mail service for communications between counsel.

10. On March 12, 2023, Plaintiff's counsel filed the Joint Stipulation to Compel Responses to Interrogatory No. 10 ***without*** Defendants' portion, which were served on March 10, 2023. Dkt. No. 66. (Docket Number 64 has been withdrawn).

11. I request sanctions in the amount to prepare this duplicate filing, for

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

cost of filing, and cost of personal service which was ignored.

12. The cost for service of process was $80.00. Exhibit B.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2023, at Los Angeles, California.

*/s/ Hilary Harris*
Hilarv Harris

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

# EXHIBIT "A"

LAW OFFICES
YAGMAN + REICHMANN, LLP
333 WASHINGTON BOULEVARD
VENICE BEACH, CALIFORNIA 90292-5152
(310) 452-3200

March 1, 2023

Hilary Harris
FAX (213)426-2020

Re: *Ashley v. Moore*

Dear Ms. Harris:

This letter is written to transmit to you a re-drafted joint discovery stipulation, addressing only interrogatory 10, with respect to which this morning the court denied plaintiff's discovery motion without prejudice. The court previously waived the informal discovery-resolution conference with respect to the same motion.

You are required to provide: (1) your contentions on each issue, on ***separate, unnumbered*** pages (page numbers will be inserted consecutively when the final stipulation has been assembled), for mere insertion into the stipulation, immediately after the introduction and plaintiff's contentions; and (2) a signed the signature page, for provision back to me. You are required to have back to me, in my hands, within seven (7) calendar days, or by March 8, 2023, your portions of the stipulation, and if they are not had back by that time, then a discovery motion will be filed without any input from you, and would be done in accordance with L.R.s 6.1, 7.9, and 7.10. Thank you for your anticipated courtesy and cooperation.

Very truly yours,

STEPHEN YAGMAN

STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN -- REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **G. ASHLEY**, Plaintiff, v. **MICHEL REY MOORE**, *et al.*, Defendants. | 2:22-cv-004909-DMG(KSx)<br>**JOINT DISCOVERY STIPULATION**<br>Mag. Judge Karen L. Stevenson |

## PLAINTIFF'S INTRODUCTORY STATEMENT

"Plaintiff, **G. ASHLEY**, is a Black person who asserts federal claims . . . ." Cmplt. at aver. 1.

In this § 1983 action against the LAPD chief, Michel Rey Moore, and various LAPD officers, it is alleged that "[o]n Sept. 9, 2019, without a warrant, reasonable suspicion, probable cause, or plaintiff's consent, the LAPD officer defendants forced plaintiff to pull over his vehicle, to exit it, and thereafter Tasered plaintiff, searched him, physically beat him up, assaulted and battered him, and racially profiled plaintiff, and initiated without probable cause to do so criminal charges against plaintiff that were dismissed, which later were dismissed[,] [and that f]rom Sept. 9, 2019 until at least Sept. 1, 2020, plaintiff continuously was held in custody, as a result of his arrest by the LAPD defendants, on Sept. 9, 2019." *Id.* at aver. 9, Doc. 1.

Also, it is alleged that "The non-LAPD defendants each and all are legally liable for all of this conduct because, with deliberate indifference, they caused it, ratified it, condoned it, or otherwise made it possible, by their actions and/or inactions, and caused and/or create LAPD policies, practices, procedures, and/or customs, that caused the LAPD officers' unconstitutional conduct, and because all of them failed in their duty to train police in proper, allowable, constitutional policing and jail procedures, and their failures amounted to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at aver. 10.

This is a paradigm Taser-a-Black man, civil rights case, in which the 59-year-old plaintiff lived to tell his story. Plaintiff seeks very basic discovery in interrogatory 10, to prove his § 1983 *simpliciter* claim and his *Monell* and civil RICO claims, to which defendant made unacceptable, boilerplate objections which he has the burden to, but cannot sustain.

//

# DEFENDANT'S INTRODUCTION

***MUST DEFENDANT PROVIDE A COMPLETE, SUBSTANTIVE RESPONSE TO PLAINTIFF'S INTERROGATORY 10?***

Interrogatory 10 and the response to it are set forth on the next, immediately-following pages.

**INTERROGATORIES**

10. Identify each LAPD officer listed on defendant Moore's initial disclosures, by providing the following information about each one:

a. their dates of birth;

b. their residence addresses;

c. their educational backgrounds, including high school, college or university, dates of attendance, and degrees or diplomas or certificates received;

d. their qualifications to perform the tasks of their governmental employment; and,

e. listing all government employments and their inclusive dates.

**RESPONSE TO INTERROGATORY NO. 10 (NOTE S/B NO. 11)::**

Objection: This Interrogatory exceeds the limit of twenty-five (25) Interrogatories, including all discrete subparts, allowed by F.R.C.P. 33(a). This Interrogatory is compound, and pursuant to Federal Rule of Civil Procedure 33(a), constitutes five (5) "discrete subparts."

Discrete Subpart (a):

Objection: This Interrogatory is overbroad, unduly burdensome, unduly oppressive, violates third party's rights to privacy, and is not proportional to the needs of the case. F.R.C.P. 26(b)(1). This Interrogatory also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this Interrogatory seeks information that is confidential, privileged and protected from discovery pursuant to California Evidence Code Section 1043 and California Penal Code Sections 832.5, 832.7 and 832.8, and the privileges of self-critical analysis and subsequent and remedial measures. In addition, Defendant objects on the grounds that this Interrogatory seeks information which is privileged pursuant to California Evidence Code, sections 1040 et seq. and California Government Code Section 6254. Defendant further objects on the ground that disclosure of the requested materials would violate the privacy rights of the involved police officers under the "official information" or "governmental privilege" accorded under Federal Law. Some information is not subject to disclosure absent prior in-camera judicial review to determine whether the need for continued confidentiality is outweighed by the litigant's needs for the information sought. *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975), aff. 426 U.S. 394, 96 S.Ct. 2119 (1976);

*Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal. 1987); Cal. Constitution, Article I. Sec. I; Cal. Pen. Code, sections 832.5, 832.7, 832.8; Cal. Evid. Code, sections 915, 944, 1012, 1040 et seq., 1043 et seq.; Cal. Gov. Code, section 6254; invasion of the rights of privacy of any officers whose name may be mentioned in the requested records. The documents requested are protected by the privileges of self-critical analysis and subsequent and remedial measures. See *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992).

Discrete Subpart (b):

Objection: This Interrogatory is overbroad, unduly burdensome, unduly oppressive, violates third party's rights to privacy, and is not proportional to the needs of the case. F.R.C.P. 26(b)(1). This Interrogatory also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this Interrogatory seeks information that is confidential, privileged and protected from discovery pursuant to California Evidence Code Section 1043 and California Penal Code Sections 832.5, 832.7 and 832.8, and the privileges of self-critical analysis and subsequent and remedial measures. In addition, Defendant objects on the grounds that this Interrogatory seeks information which is privileged pursuant to California Evidence Code, sections 1040 et seq. and California Government Code Section 6254. Defendant further objects on the ground that disclosure of the requested materials would violate the privacy rights of the involved police officers under the "official information" or "governmental privilege" accorded under Federal Law. Some information is not subject to disclosure absent prior in-camera judicial review to determine whether the need for continued confidentiality is outweighed by the litigant's needs for the information sought. *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975), aff. 426 U.S. 394, 96 S.Ct. 2119 (1976); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal. 1987); Cal. Constitution, Article I. Sec. I; Cal. Pen.

Code, sections 832.5, 832.7, 832.8; Cal. Evid. Code, sections 915, 944, 1012, 1040 et seq., 1043 et seq.; Cal. Gov. Code, section 6254; invasion of the rights of privacy of any officers whose name may be mentioned in the requested records. The documents requested are protected by the privileges of self-critical analysis and subsequent and remedial measures. See *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992).

Discrete Subpart (c):

Objection: This Interrogatory is overbroad, unduly burdensome, unduly oppressive, violates third party's rights to privacy, and is not proportional to the needs of the case. F.R.C.P. 26(b)(1). This Interrogatory also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this Interrogatory seeks information that is confidential, privileged and protected from discovery pursuant to California Evidence Code Section 1043 and California Penal Code Sections 832.5, 832.7 and 832.8, and the privileges of self-critical analysis and subsequent and remedial measures. In addition, Defendant objects on the grounds that this Interrogatory seeks information which is privileged pursuant to California Evidence Code, sections 1040 et seq. and California Government Code Section 6254. Defendant further objects on the ground that disclosure of the requested materials would violate the privacy rights of the involved police officers under the "official information" or "governmental privilege" accorded under Federal Law. Some information is not subject to disclosure absent prior in-camera judicial review to determine whether the need for continued confidentiality is outweighed by the litigant's needs for the information sought. *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975), aff. 426 U.S. 394, 96 S.Ct. 2119 (1976); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal. 1987); Cal. Constitution, Article I. Sec. I; Cal. Pen. Code, sections 832.5, 832.7, 832.8; Cal. Evid. Code, sections 915, 944, 1012, 1040 et seq., 1043 et seq.; Cal. Gov. Code section 6254; invasion of the rights of privacy of

any officers whose name may be mentioned in the requested records. The documents requested are protected by the privileges of self-critical analysis and subsequent and remedial measures. See *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992).

Discrete Subpart (d):

Objection: This Interrogatory is vague and ambiguous.

Without waiving these objections and subject to them, Responding Defendant responds as follows: All Officers employed by the Los Angeles Police Department meet the standards imposed by law on a peace officer is a peace officer pursuant to Penal Code Section 830.

Discrete Subpart (e):

Objection: This Interrogatory is overbroad, unduly burdensome, unduly oppressive, violates third party's rights to privacy, and is not proportional to the needs of the case. F.R.C.P. 26(b)(1). This Interrogatory also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that this Interrogatory seeks information that is confidential, privileged and protected from discovery pursuant to California Evidence Code Section 1043 and California Penal Code Sections 832.5, 832.7 and 832.8, and the privileges of self-critical analysis and subsequent and remedial measures. In addition, Defendant objects on the grounds that this Interrogatory seeks information which is privileged pursuant to California Evidence Code, sections 1040 et seq. and California Government Code Section 6254. Defendant further objects on the ground that disclosure of the requested materials would violate the privacy rights of the involved police officers under the "official information" or "governmental privilege" accorded under Federal Law. Some information is not subject to disclosure absent prior in-camera judicial review to determine whether the need for continued confidentiality is outweighed by the litigant's needs for the information sought. *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975), aff. 426 U.S. 394, 96 S.Ct. 2119 (1976);

*Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal. 1987); Cal. Constitution, Article I. Sec. I; Cal. Pen. Code, sections 832.5, 832.7, 832.8; Cal. Evid. Code, sections 915, 944, 1012, 1040 et seq., 1043 et seq.; Cal. Gov. Code, section 6254; invasion of the rights of privacy of any officers whose name may be mentioned in the requested records. The documents requested are protected by the privileges of self-critical analysis and subsequent and remedial measures. See *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992).

**PLAINTIFF'S CONTENTTIONS AS TO INTERROGATORY 10.**

Interrogatory 10 is one, integrated interrogatory that seeks identification material about the LAPD officers who allegedly harmed plaintiff and, for the same reasons set forth as to the response to the request to produce, defendant's boilerplate objections have no merit and defendant cannot sustain them, so that a complete response should be ordered to be made. The information sought is relevant.

In *Smith v. Illinois*, 390 U.S. 129, 132 (1968), the Court clearly stated that 40 years before, in *Alford v. United States*, 282 U.S. 687, 688-89 (1928), the Court had held that a criminal conviction required reversal "because the trial judge had sustained objections to questions by the defense seeking to elicit the 'place of residence' of a prosecution witness over the insistence of defense counsel that 'the jury was entitled to know "who the witness is, where he lives and what his business is.' ""

In quoting from *Alford*, the Court held that "'. . . The question "Where do you live?" was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, was an essential step in identifying the witness with his environment, to which cross-examination may ***always*** be directed.'" The Ninth Circuit has followed this rule. In *United States v. Washington*, 797 F.2d 1461, 1474 (9th Cir. 1986), the court held that "[i]t is well established that asking a witness about his or her residence or place of employment falls within the scope of proper cross examination." (Emphasis added; citing *Smith v. Illinois*.)

Perforce, if a residence address can be gotten in open court on cross-examination, it can be gotten by a party's counsel for the purpose of effecting service of a trial subpoena, and also as a means to identify a person with her community and to attempt to find persons in that community with whom a party

may have spoken about an incident, such as the incident that is the basis for this litigation.

Moreover, the getting of such information may be limited ***only when*** there is admissible evidence of past physical violence by the party seeking discovery, or present threats. *See ibid.*; *United States v. Cosby*, 500 F.2d 405, 407 (9th Cir. 1984). That the party whose residence address is a police officer is not a basis for any protective order under federal law, nor is state law a proper shield against gathering such information. *Martinez v. California*, 444 U.S. 277, 284 n. 8 (1980); *Guillory v. Cnty. of Orange*, 731 F.2d 1379 (9th Cir. 1984).

Last, federal jurisdiction may ***not*** be gotten over a defendant in her or his ***individual capacity*** by service of federal process at their place of business, *Daly-Murphy v. Winston*, 820 F.2d 1470, 1477-78 (9th Cir. 1987), and "in order to serve defendants properly in their individual capacities, [it is] required to serve them either personally [in hand] or by leaving a copy of the [process] at their usual ***place of abode*** . . . . [L]eaving the paperwork with a co-worker [does not accomplish personal capacity service]. [It is only w]hen defendants are sued in their official capacity, [that] service may be made personally or by leaving the [process] with an authorized agent at the defendant's place of employment." *Gerritsen v. Consuldado General de Mexico*, 989 F.2d 340, 344 (9th Cir. 1993) (emphasis added; citing *Daly-Murphy v. Winston, supra*).

Based on the above authorities, plaintiff requests that this court order provision of all defendant's residence addresses to plaintiff's counsel for the purposes of investigation and of effecting service on them of trial subpoenas, and with no protective order, because none of the conditions precedent for issuance of a protective order is present.

This is an action based on alleged police misconduct against individual police officers and their supervisors, *see, e.g. Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), and against the governmental entity's policymakers,

including LAPD Chief of Police, defendant Michel Rey Moore. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978) (*Monell*); *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Trevino v. Gates*, 23 F.3d 1480 (9th Cir.), *cert. denied sub nom. Wachs v. Trevino*, 115 S.Ct. 32 (1994). *See also Trevino v. Gates,* 798 F. Supp. 621 (C.D.Cal. 1992) (opinion by Judge Letts).

In 1947, the United States Supreme Court definitively set forth the scope of discovery in the federal courts, and the broad scope of that discovery has remained as the controlling law to this date.

In *Hickman v. Taylor*. 329 U.S. 495, 507 (1947), the Court held as follows:

> [E]ither party may compel the other to **DISGORGE** whatever facts he has in his possession.

(Emphasis added.) *The New Shorter Oxford English Dictionary*, Clarendon Press, Oxford, 1993, defines the word "disgorge" as to "yield up, cease to hold on to . . . [d]ischarge the contents of, empty." Vol. 1. p. 691.

In his concurring opinion in *Hickman*, Associate Justice Jackson stated:

> It seems clear and long has been recognized that discovery should provide a party **ACCESS TO ANYTHING** that is evidence in his case.

*Id.* at 515 (emphasis added).

Federal Rules of Civil Procedure Rule 26(b)(1) provides that,

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . [It is not ground for objection that the information sought will be in]admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Federal Rules of Evidence Rule 401 defines "relevant evidence" as follows: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of

> consequence to the determination of the action more probable or less probable than it would be without the evidence.

"Relevancy" also was well-defined in *Kainz v. Anheuser-Busch, Inc.*, 15 F.R.D. 242, 249 (N.D. Ill. 1954) as follows:

> All matters which tend to support or to negate the controverted allegations of the pleadings or which are reasonably calculated to reveal such matters, must be regarded as relevant.

This remains the basic law, as set forth in Fed. R. Evid. Rule 401:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Here, whether or not the police officers followed policy or did not follow policy is highly relevant because it has the tendency to make the fact of *Monell* liability more or less probable than it would be without the evidence, and the fact is of great consequence in determining *Monell* liability, against official-capacity defendants if the officers followed policy, and against the officer defendants, if they didn't follow policy. Nothing could be more relevant on the *Monell* issue.

The burden of sustaining defendant's objections is on defendant who objected. *See Taylor v. Los Angeles Police Dep't*, 1999 WL 33101661, *2 (C.D.Cal. 1999) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)."). *Taylor* relies on *Nestle Foods Corp.*, which states as follows:

> The party resisting discovery has the burden of clarifying, explaining and supporting its objections. *Tele–Radio Systems Ltd. v. De Forest Electronics*, 92 F.R.D. 371, 375 (D.N.J. 1981). Defendants have met this

> requirement and therefore the burden remains on the discovering party to show that the information sought is relevant to the subject matter of the action. *See McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 57 (E.D.Pa.1979); *United States v. International Business Machines Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y.1974). Plaintiff has met this burden.

135 F.R.D. at 105. *Taylor* is a reasoned disposition that is based on legal authority. *Nestle Foods Corp.*, in turn, relies on *Tele-Radio Systems Ltd. v. DeForest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1982), which holds as follows: "The party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor. Gulf Oil Corp. v. Schlesinger, 465 F.Supp. 913, 916-17 (E.D.Pa.1979); Robinson v. Magovern, 83 F.R.D. 79, 85 (E.D.Pa. 1979)."

The burden of supporting objections lies with the objector, and only shifts to the party who propounds discovery after the objector has met its burden.

*Best Lockers, LLC v. Am. Locker Grp., Inc.*, 2013 WL 12131586, *4 (C.D.Cal. 2013), cited by this court, Doc. 55 at 3:¶ 3, does not change or shift this burden, because former Mag. Judge Nakazato's decision states only this, that is not supported by any reasoning at all or any authority: "The party seeking the motion to compel discovery has the burden of informing the court why the opposing party's objections are not justified or why the opposing party's responses are deficient." The burden is on the objecting party, who has not met his burden.

*Kainz* also set forth well the standard that continues to govern the concepts of burdensomeness and oppressiveness in discovery:

> [T]he fact that [discovery] may be burdensome is alone not enough to excuse a party from answering. Use of the liberal discovery techniques provided by the Federal Rules may often prove time consuming and expensive. The Rules reflect a clear judgment that the burdens of such discovery are the justified cost of eliminating the wastes of preparation for the

> trial of uncontested issues and of avoiding
> the injustices of surprise.

*Id.* at 247-48.

"Rule 26 . . . permits discovery of information which may simply relate to the credibility of a witness or other evidence in the case. [Citation omitted.] Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at trial. *Jones v. Kansas Armry Ammunitions Plant*, 147 F.R.D. 248, 250 (D.Kan. 1993)." *Taylor v. Los Angeles Police Dep't*, 1999 WL 33101661 *2 (C.D.Cal. 1999).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)." *Ibid.*

Therefore, objections to discovery must comport with both the letter and the spirit of what is expected of legal counsel in the federal courts. General or boilerplate objections are improper. *Paulson v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal. 1996); *see also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague, or unduly burdensome are not sufficiently specific to allow court to ascertain objectionable character of discovery request and are improper); *Chubb Integrated Sys. Ltd. V. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.")

In *Pilling v. General Motors*, 45 F.R.D. 366, 369 (D.Utah 1968), the court stated:

> [T]he self-help philosophy of discovery is to be fostered and excessive preoccupation with discovery matters is to be avoided by the court. Objections and their grounds should be carefully delineated by the objector . . . .
> . . . .
> It is no objection to discovery that the questions are searching and detailed so long as they may be expected reasonably to lead to the discovery of relevant information; but excessive complexity or unreasonable burdens are to be avoided. Answers must be responsive, full, complete and unevasive. [*Sic*] . . . .or lack of information or for other reason he should indicate the reasons rather than ignore the inquiry in whole or in part . . . . [T]he court should favor full and fair disclosure . . . .

As this court stated in *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992):

> In federal cases, . . . ***the burden of resisting discovery is on the party opposing discovery.*** . . . *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975) (parties opposing discovery are required to carry heavy burden of showing why discovery should be denied).
>
> In federal privilege cases, the party resisting discovery has the burden of specifically identifying the records at issue so that the requesting party has an opportunity to challenge the assertion of the privilege. [Citation omitted.]

(Emphasis added.) *See also In re Grand Jury Subpoenas,* 803 F.2d 493, 496 (9th Cir. 1986) ("[t]he ***party asserting an evidentiary privilege has the burden to***

***demonstrate that the privilege applies to the information in question.***" (emphasis added); *Tornay v. U.S.*, 840 F.2d 1424 (9th Cir. 1988) (same).

As this court held in *Youngblood v. Gates*, 112 F.R.D. 342, 343, 346, 348:

> 42 U.S.C. represents a balancing feature in our governmental structure whereby individual citizens are encouraged to "police" those who are charged with policing the populace. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden. [Citation omitted.]
>
> . . . .
>
> [T]he vigorous enforcement of the civil rights statutes . . . [warrants] the broadest possible scope of discovery in civil litigation.
>
> . . . .
>
> [T]he public has an interest in assuring just and accurate adjudication of disputes. Overindulgence in governmental privileges might weaken public confidence in the ability of the judicial system to do justice where government is the defendant. . . . [T]he public has an interest in preventing government malfeasance. Exposure of past wrongdoing might inhibit future abuses by government employees. [Citation omitted.]

Specifically, "evidence of other acts by . . . police officers [is admissible, and hence, *a fortiori*, discoverable] to prove that the use of excessive force is a widespread practice or custom in the city[,]" *Davis v. Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989), and evidence of prior misconduct by police is admissible, and, *a fortiori*, discoverable, because the risk of undue prejudice to police during trial does not warrant not admitting such evidence at trial. *Fletcher v. O'Donnell*, 867 F.2d 791, 794 (3d Cir. 1989). Moreover, "complaint files [are] relevant to prove the supervisory liability . . . [and] to show gross lapses in . . . supervision and discipline . . . ." *Gutierrez v. Cartagena*, 882 F.2d 553, 572 (1st Cir. 1989).

*See also In re Air Crash Bali*, 684 F.2d 1301, 1315 (9th Cir. 1982) (evidence of prior record of airline pilot admissible against airline to show it had notice of pilot's inability).

Evidence of prior misconduct by police is admissible, and hence, *a fortiori*, discoverable, under F.R. Evid. Rule 404(b), to prove aggravated state of mind, malice, etc.

The law in this court is set forth in *Miller, supra*, the Central District of California case disapproving of and rejecting *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D.Cal. 1990), and providing the controlling, authoritative tome that both collects all controlling federal law on the topic of discovery in § 1983 actions, while also setting forth the controlling law in this case. *See also, Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); *Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 511 F.2d 192 (9th Cir. 1975); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Youngblood v. Gates*,* 112 F.R.D. 342 (C.D. Cal. 1985).

In *Miller*, the this court held as follows:

> 1. Federal Law Applies
>
> . . . .
>
> The Supreme Court has held that questions of evidentiary privilege arising in the course of the adjudication of federal rights are governed by the principles of federal common law. [Citation omitted.]
>
> This theme has been interpreted by the Ninth Circuit to include the discovery of personnel files, despite claims of state-created privileges. [Citation omitted.] In federal civil rights cases, the state's interest is that of a litigant and not . . . that of a sovereign whose law is being applied in a federal forum. [Citation omitted.] Thus, [citations] . . . reference to federal law controls on issues of privilege. *Martinez [v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990)] is unpersuasive as it failed to consider or analyze

the total lack of consistency between state and federal law regarding discovery and privileges.

Defendants apparently believe discovery will be denied merely by their boilerplate reference to these state laws, or more disturbing, is the conclusion that Defendants believe the Court will undertake an automatic in camera inspection of police personnel files, unaided by counsel's input.

The federal policy of discovery is a liberal one. Applying California law would result in Plaintiffs' access to police files being severely limited.

. . . .

As California law plays no part in construing F.R.E. 401 and 402, there is no need to consider state law in determining privilege questions.

In federal cases . . . the burden of resisting discovery is on the party opposing discovery (Defendants). *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)(parties opposing discovery are required to carry a heavy burden of showing why discovery should be denied).

In federal privilege cases, ***the party resisting discovery has the burden*** of specifically identifying the records at issue so that the requesting party has an opportunity to challenge the assertion of the privilege. [Citation omitted.]

As the California rules for discovery and privileges are fundamentally inconsistent with those of the federal rules, federal law . . . will be followed. . . . No good reason exists why state actors in a federal question case should be accorded preferential treatment in asserting privileges, merely because the California legislature has chosen to enact a statute making it more difficult for plaintiffs to obtain police personnel files in state cases.

2. Federal Privilege Doctrine
Federal common law recognizes a qualified privilege for official information. (Citation Omitted.) Government personnel files are considered information. [Citation omitted.] In order to determine whether personnel files sought are privileged, courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery.

This balancing test has been moderately pre-weighted in favor of disclosure[.]

3. Procedure for Invoking Official Government Privilege
[T]he following procedural requirements discussed by the courts in Kelly and Kerr are required of those who seek to invoke the "official information" privilege in federal question cases. These requirements must be satisfied before the Court will apply any balancing test to determine discoverability of government information.

A party . . . must . . . serve an file an objection that invokes the official information privilege by name. . . . The asserting party[] . . . must sufficiently identify the documents [for which privilege is claimed] . . . . [T]he party must submit . . . a declaration or affidavit . . . from the head of the department which has control over the matter. [Citation omitted.] The affidavit or declaration must contain: (1) an affirmation that [it] . . . maintained . . . confidentiality . . ., (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the government or privacy interests that would be threatened by disclosure . . ., (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made. [Citation omitted.]

> A general claim of harm to the public interest would not be sufficient to overcome the burden placed on the party seeking to shield material from disclosure. [Citation and quotation marks omitted.]
>
> . . . .
>
> Only after the party asserting the privilege has satisfied these criteria . . . should the parties resort to the Court for resolution. Plaintiff's portion of the joint stipulation required by the Local Rules should:
>
> [B]e accompanied by a memorandum and, if appropriate, an affidavit, (1) describing how . . . the requested information is relevant to the litigation or is reasonably calculated to lead to discovery of admissible evidence, (2) identifying interests of plaintiff's that would be harmed if the material were not disclosed, and (3) specifying how that harm would occur and how extensive it would be.
>
> [T]he Court will determine whether defendant's submissions are sufficient to meet the threshold burden. [Citation omitted.] If the Court finds that such submissions are insufficient, it will order disclosure of the requested documents. [Citation omitted.] . . . [S]hould the threshold requirements not appear in the papers, the privilege assertion will be overruled in its entirety and complete disclosure will be ordered. No in camera inspection will occur. . . . [S]hould the Court determine that defendant's submissions meet the threshold burden, an in camera inspection will occur as to the disputed documents. [Citation omitted.]

(Emphases added.)

When privileges are claimed as objections to discovery, the law is clearly established that questions of evidentiary privilege arising in the course of the adjudication of federal rights are governed by the principles of federal common law. *U.S. v. Zolin*, 491 U.S. 554, 562 (1989); Fed. R. Evid. 501. Federal common law applies in federal civil rights actions. *Kerr v. U.S. Dist. Ct. for N. Dist. Of*

*Cal.*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd by* 426 U.S. 394 (1976); *Miller*, 141 F.R.D. at 297-98.

Before a court will engage in any balancing of interests when privilege is claimed, first "the party asserting the privilege (defendant Albanese) must properly invoke the privilege by making a '***substantial threshold showing.***'" *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D.Cal. 1995) (emphasis added). And, "[i]f the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue." *Ibid.*; *Miller*, 141 F.R.D. at 301; *Chism v. County of San Bernardino*, 159 F.R.D. 531, 533 (C.D.Cal. 1994).

When claiming privilege, it must be specified which information and documents are contended to be privileged, ***for what reasons each one is privileged***, and this is especially so when the nature of the information or documents does not reveal an obviously privileged matter. *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *Kerr*, 511 F.2d at 198.

Moreover, so-called privileges under the California Evidence and Penal Codes are ***not*** federal evidentiary privileges and may ***not*** be interposed as objections to discovery in this action. *Kerr*, 511 F.2d at 197-98, *Miller*, 141 F.R.D. at 297-99.

Complaints against police officers may show, among other things, the character or proclivity of such officers toward violent behavior, and that is discoverable information. *Soto*, 162 F.R.D. at 620; *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D.Cal. 1993); *see also*, F.R. Evid. Rules 404-06, 607-08. Moreover, "[i]n the context of civil rights claims against police departments, 'a general assertion that a police department's internal investigatory system would be harmed by disclosure of the documents is insufficient.'" *Soto*, 162 F.R.D. at 621 (quoting *Chism*, 159 F.R.D. at 534); *Miller*, 141 F.R.D. at 672).

"The self-critical analysis privilege is not recognized by the Ninth Circuit. *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 426 (9th Cir. 1992). Furthermore, this Court agrees with the reasoning of the court in *Soto* that 'the self-critical analysis privilege should not be applied to police personnel files and records of internal affairs investigations in civil rights suits against police officers. *Soto*, 162 F.R.D. at 611-12, 620." *Taylor*, 1999 WL 33101661 * 6 (C.D. Cal. 1999).

There is a "strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system [with respect to discovering citizen complaints against police]," *Soto*, 162 F.R.D. at 621; *Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987), and this interest renders such complaints discoverable.

***With regard to protective orders***, a party who seeks one must show a ***particular and specific need for the protective order, as opposed to making stereotypical or conclusory statements***. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D.Cal. 1995); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990). If this initial showing is not made, then there is no basis for a protective order. *Ibid.*

As this court, former Magistrate Judge Chapman, held, in further addressing the scope of discovery in §1983 actions, the scope of Rule 26, the applicability or not of privileges, and the specific showing that must be made in order to sustain a claim of privilege, discovery is very broad, there is almost no way in which to sustain a claim of privilege, and, in any event, very rarely is the burden met of submitting the specific evidentiary showing required to sustain a privilege, much less to warrant any *in camera* viewing of materials for which privilege is claimed.

Specifically, ***the head*** of any agency claiming privilege, and it must be the head of the agency, *see Miller, supra*, and not a lawyer or a lower level supervisor, must herself or himself actually have read materials for which privilege is claimed,

and make a ***material-specific***, and not a general, claim of privilege. What was held is this:

> Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted.... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment." ' *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L Ed. 451 (1947) and *Schlagenhauf v. Holder,* 379 U .S. 104, 114-15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).
>
> ****
>
> Rule 26 further permits the discovery of information which may simply relate to the credibility of a witness or other evidence in the case. Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* § 11.21 (1999 revised).
>
> ****
>
> Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. *Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan.1993). The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J.1990).
>
> ****
>
> Rule 26(b) discovery is permitted of any relevant matter not privileged. Formally claiming a privilege involves specifying which information and documents are privileged and for what reasons, Defendant City's objections on the grounds that the requests are vague, ambiguous and unintelligible are specious. Rather, the requests are quite specific and use known or defined terms. Moreover, such general or boilerplate objections are improper. *Paulson v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal.1996); *See also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R .D. 589, 592-93

(W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 58 (D.D.C.1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.").

****

Complaints against officers involved in Taylor's arrest or shooting may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias. *Soto v. City of Concord,* 162 F.R.D. 603, 620 (N.D.Cal.1995); *Hampton v. City of San Diego,* 147 F.R.D. 227, 229 (S.D.Cal.1993); *see also* Fed.R.Evid. 404- 406, 607-608.

****

The balance test must be conducted on a case-by-case basis, determining what weight each relevant consideration deserves in the fact-specific situation before the court. *Miller,* 141 F.R.D. at 300; *Kelly v. City of San Jose,* 114 F.R.D. 653, 663 (N.D.Cal.1987). Moreover, the balance test has been moderately preweighted in favor of disclosure. *Soto,* 162 F.R.D. at 613; *Miller,* 141 F.R.D. at 300; *Kelly,* 114 F.R.D. at 662. [B]efore the Court will engage in this balancing of interests, the party asserting the privilege (the defendant police department) must properly invoke the privilege by making a "substantial threshold showing." In order to fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done if disclosure were made." A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden. *Soto,* 162 F.R.D. at 613 (citations omitted); *Chism v. County of San Bernardino,* 159 F.R.D. 531, 533 (C.D.Cal.1994); *Miller,* 141 F.R.D. at 300; *Kelly,* 114 F.R.D. at 670. "If the

court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue." *Soto,* 162 F.R.D. at 613; *Chism,* 159 F.R.D. at 533; *Miller,* 141 F.R.D. at 301; *Kelly,* 114 F.R .D. at 671. If a defendant meets the threshold requirements, the court will order an in- camera review of the material and balance each party's interests. *Soto,* 162 F.R.D. at 613; *Miller,* 141 F.R.D. at 301; *Kelly,* 114 F.R.D. at 671.

****

These assertions do not meet the third threshold requirement since, "[i]n the context of civil rights claims against police departments, 'a general assertion that a police department's internal investigatory system would be harmed by disclosure of the documents is insufficient." ' *Soto,* 162 F.R.D. at 621 (quoting *Chism,* 159 F.R.D. at 534); *Miller,* 141 F.R.D. at 300-01; *Kelly,* 114 F.R.D. at 672. Yet, Lt. Hall's declaration consists of little more than such rank generalizations. The defendants "do not specifically describe how disclosure of the requested information in this case would be harmful." *Miller,* 141 F.R.D. at 301. Further, [d]efendants also have not met the fourth requirement of the threshold test because they have failed to address how disclosure, under a carefully crafted protective order, would create a substantial risk of harm to significant government interests. The use of a carefully drafted protective order, under which only Plaintiff and his lawyer have access to the material, substantially reduces the confidentially interests asserted by Defendants.
*Soto,* 162 F.R.D. at 614; *Chism,* 159 F.R.D. at 535. Therefore, the defendants have not met their burden to invoke the official information privilege. *Soto,* 162 F.R.D. at 613-16, 620-21; *Chism,* 159 F.R.D. at 534-35; *Miller,* 141 F.R.D. at 301.

****

"A request for citizen complaints against police officers must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system." *Soto,* 162 F.R.D. at 621; *Kelly,* 114 F.R.D. at 660-61.

****

Plaintiff's need for the requested information is great. The information sought "is unlikely to be available from any other source than Defendants' files." *Soto,* 162 F.R.D. at 617. "Moreover, since information in police files often will have been developed closer in time to the subject events, when witnesses were around and their memories were fresher, and when the physical evidence was more accessible, in many cases it will not be

> likely that information of comparable quality will be available from any [other] source." *Kelly,* 114 F.R.D. at 667.
>
> ****
>
> The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements. *Skellerup Indus. Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D.Cal.1995); *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990).

Measuring the refusals to make discovery here defendant has not carried ***his burden*** and interrogatory 10 must be ordered to be answered substantively.

## DEFENDANT'S CONTENTIONS

Respectfully submitted,

**YAGMAN + REICHMANN,LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

**HURRELL CANTRALL LLP**

By: ______________________
**THOMAS C. HURRELL**
**HILARY HARRIS**
Attorneys for MICHEL MOORE,
J. PETERS, E. MURO, CLARK, and
N. CHACON

# EXHIBIT "B"

**Erica Williams**

---

| | |
|---|---|
| **From:** | Herlinda Pulido <lindapulido957@gmail.com> |
| **Sent:** | Monday, March 13, 2023 9:54 AM |
| **To:** | Erica Williams |
| **Subject:** | EXT: Cost for service |

Erica,
The cost for the personal service for: Stephen Yagman at 333 Washington Blvd., Venice, CA 90292 will be $80.00

Pulido Delivery Service

# PULIDO DELIVERY SERVICE

Cell (323) 854-9557 Cell (323) 854-1473

DATE 3 / 10 / 2023

Mess. No. 157

CUSTOMER REFERENCE 355-036- Ashley

**BILL TO:**

NAME Hurrell Cantrall

ADDRESS 725 S. FigueroA st. #3800

CITY Los Angeles, CA 90017

AUTHORIZED BY Erica Williams - TEL. NO. 213-426-2000

**PICK-UP AT:**

NAME Hurrell cantrall

ADDRESS Same as Above

CITY "

**DELIVERY TO:**

NAME Stephen Yagman

ADDRESS 333 Washington Blvd.

CITY Venice Beach, CA 90292

RUSH ____ YES ____ NO (circled)    ROUND-TRIP: YES ____ NO ✓

**SPECIAL INSTRUCTIONS - PLEASE SPECIFY WHEN PLACING YOUR ORDER**

Please deliver today. Location is a residence. Thank You.

RECEIVED BY:

PRINT NAME: 1:35 pm

1st - ORIGINAL • 2nd - DELIVERY RECEIPT

# EXHIBIT "C"


POSTAL MASTERS
UPS FEDERAL EXPRESS
P.O. BOXES
FAX
COPIES
MAIL FORWARDING
GREETING CARDS
OFFICE & SHIPPING SUPPLIES
UPS
FedEx
FAX
MAIL BOXES
GREETING CARDS
PACKING & SHIPPING SUPPLIES
333
NOTARY
OPEN
NOTARY PUBLIC
333
PULL
ups
Authorized Shipping Outlet
POINT
FedEx
Authorized ShipCenter
Ship anywhere and EVERYWHERE