UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 22-4909-DMG (KSx)                                             Date:  April 24, 2023

Title    G. Ashley v. Michael Rey Moore, et al.


Present: The Honorable:    Karen L. Stevenson, Chief Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  N/A          Attorneys Present for Defendants:  N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: PLAINTIFF'S FAILURE TO FOLLOW THE COURT'S PROCEDURES AND THE LOCAL RULES**

The Court is in receipt of the discovery motion entitled, "Notice of Discovery Motion and Plaintiff's Declaration of Non-Cooperation of Defense Counsel," filed by Plaintiff on March 14, 2023.  (Dkt. No. 71 ("Motion").)  Plaintiff noticed the Motion for hearing on April 26, 2023 at 10:00 a.m.  (*Id.*)  In the Motion, Plaintiff seeks an order compelling Defendant to provide a substantive response to Plaintiff's Interrogatory No. 10.  (*Id.* at 1.)  Plaintiff initially filed the Motion on March 12, 2023 and set it for hearing on April 12, 2023 at 9:30 a.m.  (Dkt. No. 66.)  On March 14, 2023, the Court admonished Plaintiff that it "hears motions on Wednesdays at **10:00 a.m**. [and that] April 12, 2023 is currently a closed calendar date for the judge."  (Dkt. No. 69.)[1]  This prompted Plaintiff to refile the Motion.  The Court took the Motion under submission on April 21, 2023.  (Dkt. No. 85.)[2]

On February 28, 2023, the Court denied Plaintiff's discovery motion entitled, "Notice of Discovery Motion and Joint Discovery Stipulation" (dkt. no. 46).  (Dkt. No. 55.)  The Court specifically instructed Plaintiff that "[a]ny future discovery motions must comply with the Court's procedures, including the need to conduct a pre-motion telephonic conference, and must be consistent with Federal Rule of Civil Procedure 11(b)."  (*Id.* at 4-5 (footnote omitted).)  On March 3, 2023, "[t]he Court held a telephonic discovery conference with counsel for Plaintiff

---

[1]   The Court previously admonished Plaintiff of the same time-related error on February 9, 2023.  (Dkt. No. 48 ("Magistrate Judge Karen L. Stevenson hears motions on Wednesdays at 10:00 a.m., therefore, the motion is noticed for the incorrect time.").)

[2]   The Court also took Plaintiff's deposition-related motion to compel under submission (dkt. no. 70).  (Dkt. No. 85.)  Notwithstanding the Court's findings here, the Court will issue an Order as to docket number 70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4909-DMG (KSx)                                                    Date:  April 24, 2023

Title     G. Ashley v. Michael Rey Moore, et al.

and Defendant regarding two issues concerning Plaintiff's deposition notices." (Dkt. No. 59.) The Court concluded that the parties should brief the two deposition-related issues and noted that "Plaintiff may file a Motion to Compel in the joint format pursuant Local Rule 37.1." (*Id.*)

Plaintiff has not complied with the Court's procedures and the Local Rules with respect to the instant Motion. First, Plaintiff did not raise the specific dispute at issue, i.e., the deficiency in Defendant Moore's response to Plaintiff's Interrogatory No. 10, at the March 3, 2023 telephonic discovery conference. (*See id.*) Second, the Court has not granted Plaintiff further relief from his obligation to comply with the Court's procedures, including the need to conduct a pre-motion telephonic conference *before* filing any discovery motion. Indeed, the Court admonished Plaintiff regarding the need to follow the Court's discovery procedures on February 28, 2023. (Dkt. No. 55 at 4-5.) Third, even if Plaintiff complied with the Court's procedures, the Motion fails to comply with Local Rule 37-2.1. Local Rule 37-2.1 provides that:

> The title page of the stipulation must state the date and time of the motion hearing, the discovery cutoff date, the pretrial-conference date, and the trial date. In addition, a copy of the order establishing the initial case schedule, as well as any amendments, must be attached to the stipulation or to a declaration filed in support of the motion.

Local Rule 37-2.1. In the Motion, Plaintiff only included the date and time of the Motion's hearing. (*See* Motion at 1.)

Rules and procedures are designed to deter the parties from playing "'fast and loose.'" *Cf. Whitaker v. Sensu, Inc.*, 2020 WL 7051341, at *3 n.2 (C.D. Cal. Oct. 16, 2020) (admonishing parties for playing fast and loose with court deadlines, rules, and guidelines). The Court's procedures contemplate an exchange of the joint stipulation *after* the Court has conducted its pre-motion telephonic conference because the conference may often resolve discovery disputes without the need for formal motion papers. Furthermore, it is within the Court's inherent power to sanction a party for failure to comply with a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing court's inherent power to manage their "affairs so as to achieve the orderly and expeditious disposition of cases" (internal quotation marks omitted)); *see also Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001) (sanctions appropriate in response to willful disobedience of court order). Given that district courts have broad discretion in controlling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-4909-DMG (KSx)                                                   Date:  April 24, 2023

Title   G. Ashley v. Michael Rey Moore, et al.

discovery, the "[d]enial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012); *see also Pina v. Lewis*, 717 F. App'x 739, 740 (9th Cir. 2018) ("The district court did not abuse its discretion by denying [plaintiff]'s motion to compel for failing to comply with local rules.").

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE **on or before Monday, May 8, 2023**, why Plaintiff should not be sanctioned for failure to comply with the Court's February 28, 2023 Order and why the Motion (as to Plaintiff's Interrogatory No. 10) should not be denied for failing to comply with the Local Rules.  Plaintiff may discharge this Order by:

(1) **Requesting an informal discovery conference pursuant to the Court's procedures to address the discovery dispute at issue in the Motion; or**

(2) **Filing an affidavit with the Court, of no more than three (3) pages, demonstrating exceptional circumstances for his failure to comply with the Court's February 28, 2023 Order and the Local Rules.  The affidavit must be signed under penalty of perjury.**

Plaintiff's failure to timely comply with this Order **may** result in sanctions and **will** result in the denial of Plaintiff's Motion.

                                                                                                                        :
                                                                            **Initials of Preparer**          gr