UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-4909-DMG (KSx) | Date: | May 11, 2023 |
| Title: | *G. Ashley v. Michael Rey Moore, et al.* | | |

Present: The Honorable Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|

**Proceedings: (IN CHAMBERS) MINUTE ORDER RE: PLAINTIFF'S MOTION TO COMPEL RESPONSE BY DEFENDANT MICHEL MOORE TO INTERROGATORY NO. 10 (DKT. NO. 71)**

Before the Court is Plaintiff's 30-page document encaptioned, "Notice of Discovery Motion and Plaintiff's Declaration of Non-Cooperation of Defense Counsel, filed on March 14, 2023. (Dkt. No. 71).[1] Defendants filed no Opposition brief, therefore, Plaintiff filed no Reply. (*See* Plaintiff's Reply on His Discovery Motion to Compel Six Defendants' Depositions at 1, n.1 [dkt. no. 83].)

For the reasons outlined below, Plaintiff's Motion is DENIED without prejudice.

## RELEVANT PROCEDURAL BACKGROUND

The Court outlined in detail the allegations of the operative First Amended Complaint in its Order regarding Plaintiff's Motion to Compel Six Defendants' Depositions (dkt. no. 70) issued on May 10, 2023. (Dkt. No. 103.) Therefore, the Court assumes the parties are familiar with those allegations and will not repeat them here.

\\

\\

[1] Plaintiff's 30-page Motion did not include a table of contents or table of authorities in violation of Local Rule 11-8, which requires that "any memorandum of points and authorities or any brief exceeding ten (10) pages in length, excluding exhibits, shall be accompanied by an indexed table of contents . . . and by an indexed table of the cases, statutes, rules, and other authorities cited." Cal. C.D. L. R. 11-8. Mr. Yagman's declaration seeking attorney's fees of $4,800 emphasizes his 43 years "virtually exclusively prosecuting § 1983 and *Bivens* actions, in this court." (Yagman Decl., ¶ 8.) Yet, counsel's failure to comply with Local Rule 11-8 indicates a concerning lack of attention the rules of practice in this Court.

## THE INTERROGATORY AT ISSUE

Interrogatory No. 10 to LAPD Chief Michel Moore

In the 30-page Motion, Plaintiff first argues that Defendant Michel Moore must provide a complete response to Plaintiff's Interrogatory No. 10, which asks Defendant Moore to provide the following personal information regarding individual LAPD officers:

> 10. Identify each LAPD officer listed on defendant Moore's Initial disclosures, by providing the following information about each one:
> a. their dates of birth;
> b. their residence addresses;
> c. their educational backgrounds including high school, college or university, dates of attendance, and degrees or diplomas received;
> d. their qualifications to perform the tasks of their governmental employment; and
> e. a list of all government employments and their inclusive dates.

(Motion at 4.) Plaintiff then recites the numerous objections Defendant Moore interposed to Interrogatory No. 10, including, but not limited to, objections that the discrete subparts of the Interrogatory exceed Rule 33(a)'s limit of 25 interrogatories and that the request is overbroad, unduly burdensome, violates third party privacy rights and is not proportional to the needs of the case. (*Id.* at 5-10.)

## THE MOTION

### A. Plaintiff's Arguments

Plaintiff argues that Interrogatory No. 10 "is one integrated interrogatory" seeking information about the "LAPD officers who allegedly harmed plaintiff," that Defendant Moore's "boilerplate objections have no merit," and that the information sought is relevant. (*Id*. at 10.) Relying upon *Smith v. Illinois*, 390 U.S. 129, 132 (1968), and *United States v. Washington*, 797 F.2d 1461, 1474 (9th Cir. 1986), Plaintiff contends that the disclosure of an individual witness's residential address "can be gotten in open court on cross-examination, it can be gotten by a party's counsel for the purpose of effecting service of a trial subpoena, and also as a means to identify a

person with her community and to attempt to find persons in that community with whom a party may have spoken about an incident, such as the incident that is the basis for this litigation." (*Id.* at 10-11.) In addition, Plaintiff argues that disclosure of this information can only be limited to whether "there is admissible evidence of past physical violence by the party seeking discovery or present threats," and the fact that information sought from police officers "is not a basis for any protective order" under federal or state law. (*Id*. at 11 (internal citations omitted).)

Emphasizing the broad scope of discovery in federal cases, Plaintiff urges that the court should order "provision of all defendant's residence addresses to plaintiff's counsel for the purposes of investigation and of effective service upon them of trial subpoenas and with no protective order, because none of the conditions precedent for issuance of a protective order is [sic] present." (*Id*. at 11.) Further, Plaintiff argues that Defendant has not met its burden to demonstrate than any privilege applies to the information sought in Interrogatory No. 10. (*Id.* at 17-22.) Specifically, Plaintiff notes that evidence concerning the officer defendants' other acts of excessive force and prior misconduct is relevant here and admissible to prove Plaintiff's excessive force claims. (*Id.* at 18.)

Moreover, Plaintiff, quoting extensively from *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992),[2] maintains that the qualified privilege for government official information, state created privileges, and the self-critical analysis privilege, which the Ninth Circuit has not recognized, hold sway here to preclude the discovery sought in Interrogatory No. 10 regarding the individual officer defendants in this federal civil rights action. (*Id.* at 18-23.)

With the Motion, Plaintiff counsel submitted a Declaration of Stephen Yagman, requesting fees in the amount of $1,800. (Yagman Decl., ¶ 8.)

**B. Defendant Filed No Opposition**

It appears that Defendant Moore filed no Opposition to the Motion and, as a result, Plaintiff filed no Reply. (*See* Plaintiff's Reply on His Discovery Motion to Compel Six Defendants' Depositions at 1, n.1 [dkt. no. 83].)

---

[2] Plaintiff cites nearly three pages of quoted material purportedly from *Miller*, but did not include any citation at the end of the lengthy quotation to identify precisely where the quoted material was taken from in the *Miller* decision. (*See* Motion at 18-21.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). When determining if the proportionality requirement has been met, courts are to consider six factors, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories to parties. Rule 33 provides, inter alia, that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts," and "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(1, 2). In addition, "interrogatories must be answered separately and fully in writing under oath" and "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure." FED. R. CIV. P. 33(b)(3,4).

District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet*, 296 F.3d at 751).

## DISCUSSION

Local Rule 7-12 provides that: "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]" Here, Defendant Moore filed no opposition to Plaintiff's motion to compel a "complete, substantive response to Plaintiff's Interrogatory No. 10." (Motion at 3.) Therefore, the Court may grant the Motion on that basis. However, notwithstanding Defendant's failure to oppose the Motion regarding Interrogatory No. 10, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), the Court, on its own, "**must** limit the frequency or extent of discovery allowed by [the] rules or

by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i) (emphasis added). Here, for the reasons outlined below, even though the Motion was unopposed, the Court finds that serious substantive defects in Interrogatory No. 10 preclude granting the Motion to require Defendant Moore to respond to this interrogatory.

As an initial matter, the Court finds that Interrogatory No. 10 exceeds the limit of 25 written interrogatories under Rule 26(a)(1) because Interrogatory No. 10 consists of 5 subparts seeking discrete information (e.g., education, government employment, qualifications for governmental employment, personal birthdates, residential addresses) about six individual Officer Defendants. The analysis of what counts as "discrete subparts" can be nuanced. In *Safeco of America v. Rawstrom*, the district court reasoned that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstrom* 181 F.R.D. 441, 445 (C.D. Cal. 1998). Here, the separate subparts of Plaintiff's Interrogatory No. 10 do not relate to a primary initial question, but instead seek five different categories of information about each officer defendant, and Plaintiff has not sought leave to exceed the presumptive limit of 25 written interrogatories. This defect alone is sufficient grounds to DENY the Motion.

Beyond this overarching defect, even if the subparts of Interrogatory No. 10 did not exceed the Rule 26(a)(1) limit, the Court finds that the information sought in various subparts is either more readily accessible from other sources than Chief Moore individually or is wholly irrelevant to the civil rights claims and defenses at issue in the case. On that basis, therefore, the Court exercises its duty under Rule 26(b)(2)(C) to limit such discovery as outlined below.

With respect to Interrogatory No. 10(a), Plaintiff's request for the officers' "dates of birth" is information irrelevant to the claims or defenses at issue in the case. Accordingly, the Motion is DENIED as to Interrogatory No. 10(a).

Interrogatory No. 10(b) seeks the "residence addresses" of the individual defendant officers. Because the individual officer defendants are all represented by counsel, there is no need to provide their individual residence addresses to Plaintiff. Plaintiff asserts in the Motion that the officer defendants' personal addresses are necessary to serve trial subpoenas. (Motion at 10.) Not

so. As emphasized at the hearing, all individual officer Defendants may be contacted through counsel. Further, Plaintiff's asserted need for the officers' individual home addresses "for the purposes of investigation" in their respective communities exceeds the scope of relevant and proportional discovery within the meaning of Rule 26(b)(1). It is unclear how investigation of these defendants' residential communities will lead to information pertinent to "whether or not the police officers followed policy or did not follow policy." (*See* Motion at 13.) The central issues in this lawsuit pertain to the manner in which the individual defendant officers performed their jobs as Los Angeles Police Department officers. It is entirely unclear how investigation concerning their residential communities is relevant to "evidence of prior misconduct" or failure to follow LAPD policy or training. (*Id.* at 17-18.) Therefore, the Motion is DENIED as to Interrogatory No. 10(b).

As to Interrogatory No. 10(c), which seeks "their educational backgrounds, including high school, college or university, dates of attendance, and degrees or diplomas or certificates received," the Court determines that it is more convenient, less burdensome, and less expensive, to obtain such evidence through depositions of the individual officer defendants rather than directly from Defendant Chief Moore. The Interrogatory is also overly broad and vague and ambiguous because it does not specify exactly what information about the defendants' educational background is sought from Defendant Chief Moore.

Interrogatory No. 10(d) asks Defendant Chief Moore to identify the individual defendants' "qualification to perform the tasks of their governmental employment." Defendant Moore's original objection that the request is vague and ambiguous is sustained. It is entirely unclear what exactly Plaintiff seeks with respect to "their governmental employment." To the extent the interrogatory seeks information about "government employment" beyond the individual defendants' employment in law enforcement agencies, the Court finds that the discovery sought is overbroad and seeks information neither relevant to the claims or defenses at issue in this case nor proportionate to the needs of the case. Even if the term "governmental employment" were not objectively vague and ambiguous, the Court finds that the information sought is more readily obtainable from the individual defendants themselves than from Defendant Chief Moore.

Finally, Interrogatory No. 10(e) asks Defendant Chief Moore to list "all government employments and their inclusive dates." Here, too, the term "government employments" is vague, ambiguous, and overbroad. Defendant's Moore's original objection that the request is vague and

ambiguous is sustained. To the extent the interrogatory seeks information about "government employment" beyond the individual defendants' employment in law enforcement agencies, the Court finds that the discovery sought is overbroad and seeks information neither relevant to the claims or defenses at issue in this case nor proportionate to the needs of the case. As with Interrogatory No. 10(d), even if the term "governmental employment" were not objectively vague and ambiguous, the Court finds that the information sought is more readily obtainable from the individual defendants themselves than from Defendant Chief Moore.

## CONCLUSION

For the reasons outlined above, the Motion to compel further response to Interrogatory No. 10 by Defendant Chief Moore is DENIED without prejudice to Plaintiff's ability to seek relevant and proportionate discovery on these issues from the individual officer defendants themselves, subject to the limitations of Rule 26(c).

**IT IS SO ORDERED.**

:

Initials of Preparer gr