STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **G. ASHLEY**,<br><br>Plaintiff,<br><br>vs.<br><br>**MICHEL REY MOORE**, *et al.*,<br><br>Defendants. | 2:22-cv-04909-DMG(KSx)<br><br>**NOTICE OF MOTION AND MOTION FOR § 636 REVIEW OF MAGISTRATE JUDGE DISCOVERY ORDER, AND MEMORANDUM IN SUPPORT THEREOF**<br><br>June 16, 2023<br>9:30 a.m.<br>Courtroom 8C<br><br>Hon. Dolly M. Gee |

**PLEASE TAKE NOTICE** that plaintiff moves the court for § 636 review of the Mag. Judge's May 11, 2023 discovery minute order, Doc. 104, on the ground that it is contrary to law and legally incorrect, and oral argument will be heard as set forth above. The conference of counsel required to be held pursuant to L.R. 7-3 was held on May 11, 2022, and the issues raised in this motion were discussed but were not resolved.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

The Mag. Judge's May 11, 2023 minute order as to plaintiff's motion to compel a response to his interrogatory 10 was legally erroneous in several respects and should be vacated. Moreover, it is unusual for a judicial officer to deny a motion to which there is no opposition, as here is the case. A judicial officer is required to be a neutral arbiter of a dispute and not reach out to be an advocate for one side or the other. Yet, here that is what the Mag. Judge did -- advocate for the defense, while taking an unfounded slap at plaintiff's counsel.[1]

### 1. THE APPLICABLE LEGAL PRINCIPLES.

Rule 72(a), Fed. R. Civ. P., provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the Magistrate Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Rule 72(a) also provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy [of a magistrate judge's order]. A party may not assign as error a defect in the order not timely objected to." Thus, Rule 72(a) serves two, different functions: (1) to review a magistrate judge's order and (2) to preserve an issue for appeal.

Under 28 U.S.C. § 636(b)(1)(A), a district judge may reconsider a magistrate judge's determination of a non-dispositive pretrial matter, if the magistrate judge's

[1] The Mag. Judge expressed her opinion that plaintiff's counsel's "failure to comply with Local Rule 11-8 indicates a concerning lack of attention [*sic*] the rules of procedure[,]" Doc. 104, n. 1, ult. ¶, based, in part, on plaintiff not including "'an indexed table of cases, statutes, rules, and other authorities cited.' Cal. C.D. L.R. 11-8." *Ibid*. But L.R. 37-2.1 provides that, as to discovery motions, joint stipulations "need not be accompanied by a table of authorities." Perhaps it is true that the Mag. Judge herself has displayed "a concerning lack of attention [to] the rules of practice in this Court." As to discovery motions, it appears that L.R. 11-8 is superseded by L.R. 37-2.1, as to tables of authorities.

order is “clearly erroneous or contrary to law.” To find that the magistrate judge’s decision is clearly erroneous, the district court must have “a definite and firm conviction that a mistake has been committed.” The "contrary to law" provision is self-explanatory. *See infra*.

The particular procedures and format for challenging a magistrate judge’s pretrial, non-dispositive ruling are governed by the local rules of the district in which an action is pending. Here, in the Central District of California, Local Rule 72-2.1 requires that, within 14 days of service of a written ruling, a “party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge’s ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection.”

## 2. THE LEGALLY-ERRONEOUS RULINGS.

The May 11 minute order is legally-erroneous in the respect that interrogatory 10, contrary to what the Mag. Judge held, ***is*** "one integrated interrogatory." It seeks pertinent identification data points about each LAPD officer defendant, each of whom was identified in defendant LAPD Chief Moore's initial disclosures:

> 10. Identify each LAPD officer listed on defendant Moore's Initial Disclosures, by providing the following information about each one:
>
> a. their dates of birth;
>
> b. their residence addresses;
>
> c. their educational backgrounds, including high school, college or university, dates of attendance, and degrees or diplomas received;
>
> d. their qualifications to perform the tasks of their government employment; and
>
> e. a list of all government employments and their inclusive dates.

The interrogatory is "***identify*** each LAPD officer," and the subparts merely set for the information required for the ***identification***, and nothing more.

This action includes claims of racial profiling of a Black man, who alleges that defendant officers brutalized him after racially profiling him for a vehicle stop and forcing him to exit his vehicle. The information sought about each officer is "a means to identify a person with her community and to attempt to find persons in that community with whom a party may have spoken about an incident, such as the incident that is the basis for this litigation[,]" Doc. 104, at 1-2, *see Smith v. Illinois*, 390 U.S. 129, 132 (1968); *United States v. Washington*, 797 F.2d 1461, 1474 (9th Cir. 1986), both making discovery of such information admissible in evidence at trial, as the Mag. Judge correctly characterized what plaintiff sought and the reasons it was sought. *See id.* at 2, ¶¶ 1-2. All of the information sought was part of one, integrated interrogatory.

Yet, with the unopposed motion, the Mag. Judge devoted much time and treasure to finding ways to knock down the motion, and to hold that plaintiff would need to depose the officer defendants to get the information, a time-consuming and costly process to get basic information that the Chief of LAPD readily has available to him and readily could have provided.

Seeking identification data as to each officer is one interrogatory and the interrogatory does not exceed the 25 interrogatory limit. Its five subparts are part of an integrated whole, so that even with six officers the interrogatories total six and not 30 (6 X 5). The Mag. Judge's conclusion to the contrary is legally erroneous. The "primary initial question" is, as to each officer, Who is he? The five subparts identify who he is. The Mag. Judge holding that the information sought "is either more readily accessible from other sources than Chief Moore individually [but he is sued also in his official capacity] or is wholly irrelevant to the civil rights

claims and defenses in the case[,]" Doc. 104, 5:¶ 3, is legally erroneous because the information is not more readily accessible by plaintiff, who is *in forma pauperis*, being forced to depose the officers, and clearly is not irrelevant. *See Smith* and *Washington*, *supra*. The discovery should not have been so limited. Clearly, information is not "more readily accessible" in six depositions than it is in one interrogatory.

The Mag. Judge misreads and/or misinterprets the *Safeco* case. In it, this court held that "[i]n the only case to decide the issue based on Rule 33 since the 1993 amendment to Rule 33(a) went into effect, the court in *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684 (D.Nev.1997), followed *Ginn* and construed the term 'discrete subparts' as meaning that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.' *Kendall,* 174 F.R.D. at 685, quoting *Ginn,* 137 F.R.D. at 322." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Here, the "identify" interrogatory, 10, squarely alls within this rule. The Mag. Judge cited this quotation but then did not properly apply it to interrogatory 10. Doc. 104, 5:¶ 2. Contrary to the Mag. Judge's ruling, it is not the case that "five different categories of information about each officer defendant," *ibid*., are sought: rather, the identity of each officer is sought, and the categories define how the officers are to be identified. Moreover, the information is not "more readily" gotten by deposition. *See supra*.

Here, each "subpart is 'logically [and] factually subsumed within and necessarily related to the primary question[:]" *Safeco of America*, 181 F.R.D. at 445, which is to "identify" each officer.

*American Bankers Ins. Co. of Florida v. Nat'l Fire Ins. Co. of Hartford*, 2020 WL 8996760 (N.D. Cal. 2020), further elucidated and applied *Kendall*, on which *Safeco* was based:

> *Kendall v. GES Exposition Services, Inc.*, which formulated a test to determine “whether subsequent questions, within a single interrogatory, are subsumed and related.” 174 F.R.D. 684, 685 (D. Nev. 1997). The test examines “whether the first question is primary and subsequent questions are secondary to the primary question.” *Id.* In other words, the test asks “can the subsequent question stand alone? Is it independent of the first question?” *Id.* If the first question could “be answered fully and completely without answering the second question,” the second question was independent to the first, and, therefore, discrete under Rule 33. *Id.* at 686. In applying the *Kendall* test, Plaintiff argues that “the subparts . . . are not subsumed within the primary question, but rather the primary question here is subsumed within the subsequent independent questions.”
>
> Defendant argues that the interrogatories are not compound, because they “fall within the rule that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question.” (Joint Letter at 2) (citing *Safeco*, 181 F.R.D. at 445).

*Id*. at *1. Here, the parts of interrogatory 10 are subsumed and related to the "identify" interrogatory because the first, "identify" question is primary and the subsequent questions are secondary to the primary question; and, the subsequent questions cannot be read to stand alone: *viz*., "their dates of birth," part a cannot stand alone without interrogatory 10. Nor can b-e stand alone, semantically or legally. The parts a-e are not "independent" of the primary question. Thus, the Mag. Judge erred as a matter of law.

Interrogatory 10 asks for identification and its subparts define what must be provided to make an identification, none of the subparts stands on its own, and therefore there was but one interrogatory. That it calls for identification of six

officers does not convert it into six interrogatories, and even if it did, then still there would be less than 25 interrogatories.

The Mag. Judge went far out of her way to rule against plaintiff, as is evidenced by her ruling in the face of no opposition, her unfounded criticism of plaintiff's papers, her nitpicking at the motion, and her misconstruing and misapplying the applicable law. Therefore, her ruling should be vacated and reversed and defendant ordered to make a complete substantive response to interrogatory 10. There was no valid supernumerary objection.

For the reasons set forth, the Mag. Judge order should be vacated and it should be ordered that interrogatory 10 be answered.

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman

**STEPHEN YAGMAN**

**CERTIFICATE OF COMPLIANCE**

(L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 1,590 words, which complies with the word limit of L.R. 11-6.1.

**YAGMAN + REICHMANN, LLP**

By: Stephen Yagman

STEPHEN YAGMAN