Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Nzhdeh Aghazaryan, State Bar No. 316492
E-Mail: naghazaryan@hurrellcantrall.com
Ryan C. Oca, State Bar No. 303113
E-Mail: roca@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, MICHEL MOORE, JUSTIN PETERS, EDGAR MURO, KRISTOPHER CLARK, NICHOLAS CHACON, BEN MCPHEETERS, JERITT SEVERNS, VICENTE LOPEZ, IVAN GUILLERMO, RUBEN CHAVEZ, ARMANDO HOYOS, JAMES ZOUREK and DAVID CHRISTENSEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

G. ASHLEY,

      Plaintiff,

      v.

MICHEL RAY MOORE, ERIC MICHAEL GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, PAUL KORETZ, NURY MARTINEZ, MONICA RODIGUEZ, MARQUEECE-HARRIS, MARK RIDLEY-THOMAS, MICHAEL JOSEPH BONIN, JOHN LEE, MITCH O'FARRELL, KEVIN DE LEON, JOSEPH BUSCAINO, WILLIAM J. BRIGGS II, EILEEN DECKER, DALE BONNER, MARIA LOU CALANCHE, STEVE SOBOROFF, LAPD OFFICERS J. PETERS 37708, E. MURO 36863, CLARK 39587, N. CHACON, B. McPHEETERS 30483, RUBEN CHAVEZ, DAVID CHRISTENSEN, BRIAN COLLINS, IVAN GUILLERMO, ARMANDO HOYOS, VICENTE LOPEZ, JERITT SEVERNS, JAMES ZOUREK, and 2 UNKNOWN NAMED DEFENDANTS, 1-10,

Case No. 2:22-cv-04909-DMG (KSx)

**DEFENDANTS' [PROPOSED] PROTECTIVE ORDER TO LIMIT DISSEMINATION OF DOCUMENTS AND TO PROHIBIT THE DEPOSITION OF CHIEF MICHEL MOORE**

Judge:   Hon. Dolly M. Gee

Trial Date: 04/09/24

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1 | _____ Defendants _____

2

3      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based

4 on Defendants' Proposed Protective Order filed on June 20, 2023, the terms of

5 the Protective Order are adopted as a protective order of this Court (which

6 generally shall govern the pretrial phase of this action) except to the extent, as

7 set forth below, that those terms have been modified by the Court's

8 amendment of paragraphs 1(B)(i)(ii), 3, 6.2, 7.1, 7.2, 12.2, and addition of

9 Exhibit A to the Protective Order.

10

11 **TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED**

12 **BY THE COURT**[1]

13

         PROTECTIVE ORDER

14

15

16 1.    A.  **PURPOSES AND LIMITATIONS**

17      Discovery in this action is likely to involve production of confidential,

18 proprietary, or private information for which special protection from public disclosure

19 and from use for any purpose other than prosecuting this litigation may be warranted.

20 Accordingly, the Defendants hereby motion and petition the Court to enter the

21 following Protective Order. The Defendants acknowledge that this Order does not

22 confer blanket protections on all disclosures or responses to discovery and that the

23 protection it affords from public disclosure and use extends only to the limited

24 information or items that are entitled to confidential treatment under the applicable

25 legal principles. The Defendants further acknowledge, as set forth in Section 12.3,

26 below, that this Protective Order does not entitle them to file confidential information

27

28
_____

[1]      The Court's additions to the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

2

under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. <u>GOOD CAUSE STATEMENT</u>

### i. Document dissemination

This action is likely to involve the exchange of Police Officer Personnel information and Open Investigations Consisting of Official Information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, medical records containing Police Officer Personnel information and Open Investigations Consisting of Official Information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Rule 26(c) of the *Federal Rules of Civil Procedure* provides in pertinent part as follows:

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other

1  affected parties in an effort to resolve the dispute without court action.  The

2  court may, for good cause, issue an order to protect a party or person from

3  annoyance, embarrassment, oppression, or undue burden or expense, including

4  one or more of the following:

5  . . .  (D)    forbidding inquiry into certain matters, or limiting the scope

6  of disclosure or discovery to certain matters; . . .

7  A court may, for good cause, issue a protective order to protect a party from

8  annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P.

9  26(c)(1). To obtain a protective order, the party seeking limitations in discovery has

10  the burden of proving good cause for its issuance, which requires a showing that

11  specific prejudice or harm will result if the protective order is not granted. *Id.*; *see*

12  *also Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir.2003). If a

13  court finds particularized harm will result from disclosure of information to the public,

14  then it balances the public and private interests to decide whether a protective order

15  is necessary. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

16  1211 (9th Cir. 2002). In doing this balancing, courts consider whether disclosure will

17  violate any privacy interests, whether the information is being sought for a legitimate

18  or improper purpose, whether disclosure of the information will cause a party

19  embarrassment, whether confidentiality is being sought over information important

20  to public health and safety, whether the sharing of information among litigants will

21  promote fairness and efficiency, whether a party benefitting from the order of

22  confidentiality is a public entity or official, and whether the case involves issues

23  important to the public. *In re Roman Catholic Archbishop of Portland in Oregon*, 661

24  F.3d 417, 424 (9th Cir. 2011).  Further, when discovery is sought from third parties,

25  a protective order may be more easily obtained. *Dart Indus. Co., Inc. v. Westwood*

26  *Chem. Co., Inc,* 649 F2d 646, 649 (9th Cir. 1980).

27  Good cause exists to enter a protective order in this case as ~~the~~ documents,

28  deposition testimony, photographs, video footage, and audio footage obtained in

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

4

discovery are entitled to privileges and protections under the United States Constitution, First Amendment, the California Constitution, Article I, Section 1, California *Penal Code* sections 832.5, 832.7 and 832.8, California *Evidence Code* sections 1040 and 1043 et. seq, the Privacy Act of 1974, 5 U.S.C. § 552, the Official Information Privilege, the right to privacy, and information otherwise generally unavailable to the public and protected from disclosure.

### ii. Chief Moore's Deposition

~~Plaintiff refused to stipulate to entry of the order, purporting to take issue with the scope of the order and with limiting the use of the documents to the present action alone. Additionally, Plaintiff is seeking the deposition of Chief Michel Moore, an apex witness and named defendant in this matter.~~

~~The only claims brought by Plaintiff against Chief Moore are a cause of action for supervisor liability causing constitutional violations and a *Monell* claim alleging a custom, policy, or practice causing constitutional violations under under 42 U.S.C. § 1983. A public entity cannot be sued under § 1983 based on vicarious liability for its employees. *Monell v. Department of Social Service of the City of New York*, 436 U.S. 658, 694 (1978). *Monell* liability may attach when an employee is acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker, or when a final policymaker ratified a subordinate's actions. *Thomas v. Cty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). A plaintiff cannot raise a *Monell* claim for municipal liability in the absence of an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). If a person has suffered no constitutional injury at the hands of an individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point. *Id.*~~

~~*Monell* reasoned that recovery from a municipality is limited to acts that are, properly speaking, acts "of the municipality" – that is, acts which the municipality~~

1   has officially sanctioned or ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469,

2   480 (1986). A plaintiff must also demonstrate that, through its deliberate conduct,

3   the municipality was the moving force behind the injury alleged. *Bd. of Cty.*

4   *Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 397 (1997). That is, a plaintiff

5   must show that the municipal action was taken with the requisite degree of

6   culpability and must demonstrate a direct causal link between the municipal action

7   and the deprivation of federal rights. *Id.*

8       A *Monell* claim and a claim for supervisor liability must be predicated on a

9   specific constitutional violation directly caused by a formal government policy.

10  Absent a formal governmental policy, a plaintiff must show a longstanding practice

11  or custom which constitutes the standard operating procedure of the local

12  government entity. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding*

13  *modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). The custom must be so

14  persistent and widespread that it constitutes a permanent and well settled municipal

15  policy. *Id.* Liability for improper custom may not be predicated on isolated or

16  sporadic incidents; it must be founded upon practices of sufficient duration,

17  frequency, and consistency that the conduct has become a traditional method of

18  carrying out policy. *Id.* Plaintiffs make no attempt to cite a specific custom or policy

19  causing a specific constitutional violation.

20      The requirement that a *Monell* claim establish a direct causal link makes it

21  clear that a *Monell* claim is based on specific municipal action and a specific

22  constitutional violation. Since Plaintiff has failed to provide any factual or legal

23  basis for his desire to take Chief Moore's deposition, Plaintiff is reduced to raising a

24  multitude of conclusory allegations to support their efforts. Plaintiff declares that

25  Chief Moore must answer to him on issues related to use of force, preventing

26  oversight of the LAPD and a purported failure to address an alleged pattern of

27  misconduct and use of force within the police department.

28      Completely unable to, Plaintiffs have offered no good cause for the taking of

6

1 | ~~Chief Moore's deposition, and Defendants' request for a Protective Order from the~~
2 | ~~Court prohibiting the deposition of Chief Moore should be granted.~~

3 | 2. <u>DEFINITIONS</u>

4 | 2.1. <u>Action</u>: *G. Ashley v. Michel Moore, et al.;* 2:22-cv-04909-DMG
5 | (KSx)

6 | 2.2 <u>Challenging Party</u>: Plaintiff, G. Ashley

7 | 2.3 <u>"CONFIDENTIAL" Information or Items</u>: information
8 | (regardless of how it is generated, stored or maintained) or tangible things that qualify
9 | for protection under Federal Rule of Civil Procedure 26(c), and as specified above in
10 | the Good Cause Statement.

11 | 2.4 <u>Designating Party</u>: a Party or Non-Party that designates
12 | information or items that it produces in disclosures or in responses to discovery as
13 | "CONFIDENTIAL."

14 | 2.5 <u>Disclosure or Discovery Material</u>: all items or information,
15 | regardless of the medium or manner in which it is generated, stored, or maintained
16 | (including, among other things, testimony, transcripts, and tangible things), that are
17 | produced or generated in disclosures or responses to discovery in this matter.

18 | 2.6 <u>Expert</u>: a person with specialized knowledge or experience in a
19 | matter pertinent to the litigation who has been retained by a Party or its counsel to
20 | serve as an expert witness or as a consultant in this Action.

21 | 2.7 <u>Non-Party</u>: any natural person, partnership, corporation,
22 | association, or other legal entity not named as a Party to this action.

23 | 2.8 <u>Party</u>: any party to this Action, including all of its officers,
24 | directors, employees, consultants, retained experts, and Outside Counsel of Record
25 | (and their support staffs).

26 | 2.9 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or
27 | Discovery Material in this Action.

28 | 2.10 <u>Protected Material</u>: any Disclosure or Discovery Material that is

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

7

1  designated as "CONFIDENTIAL."

2      2.11    Receiving Party: a Party that receives Disclosure or Discovery

3  Material from a Producing Party.

4      3.    SCOPE

5      The protections conferred by this Order cover not only Protected Material (as

6  defined above), but also (1) any information copied or extracted from Protected

7  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

8  **and** (3) any testimony, conversations, or presentations by Parties or their Counsel that

9  might reveal Protected Material; and (4) Chief Moore's deposition.

10     Any use of Protected Material at trial shall be governed by the orders of the

11 trial judge. This Order does not govern the use of Protected Material at trial.

12     4.    DURATION

13     Even after final disposition of this litigation, the confidentiality obligations

14 imposed by this Order shall remain in effect until a Designating Party agrees

15 otherwise in writing or a court order otherwise directs. Final disposition shall be

16 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

17 or without prejudice; and (2) final judgment herein after the completion and

18 exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

19 including the time limits for filing any motions or applications for extension of time

20 pursuant to applicable law.

21     Once a case proceeds to trial, all of the information that was designated as

22 confidential or maintained pursuant to this protective order becomes public and will

23 be presumptively available to all members of the public, including the press, unless

24 compelling reasons supported by specific factual findings to proceed otherwise are

25 made to the trial judge in advance of the trial. See *Kamakana v. City and County of*

26 *Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause"

27 showing for sealing documents produced in discovery from "compelling reasons"

28 standard when merits-related documents are part of court record). Accordingly, the

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1    terms of this protective order do not extend beyond the commencement of the trial.

2        5.        DESIGNATING PROTECTED MATERIAL

3        5.1        Exercise of Restraint and Care in Designating Material for

4    Protection. Each Party or Non-Party that designates information or items for

5    protection under this Order must take care to limit any such designation to specific

6    material that qualifies under the appropriate standards. The Designating Party must

7    designate for protection only those parts of material, documents, items, or oral or

8    written communications that qualify so that other portions of the material, documents,

9    items, or communications for which protection is not warranted are not swept

10   unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized

11   designations are prohibited. Designations that are shown to be clearly unjustified or

12   that have been made for an improper purpose (e.g., to unnecessarily encumber the

13   case development process or to impose unnecessary expenses and burdens on other

14   parties) may expose the Designating Party to sanctions. If it comes to a Designating

15   Party's attention that information or items that it designated for protection do not

16   qualify for protection, that Designating Party must promptly notify all other Parties

17   that it is withdrawing the inapplicable designation.

18       5.2        Manner and Timing of Designations. Except as otherwise

19   provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery

20   Material that qualifies for protection under this Order must be clearly so designated

21   before the material is disclosed or produced.

22       Designation in conformity with this Order requires:

23       (a) for information in documentary form (e.g., paper or electronic documents,

24   but excluding transcripts of depositions or other pretrial or trial proceedings), that the

25   Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

26   "CONFIDENTIAL legend"), to each page that contains protected material. If only a

27   portion or portions of the material on a page qualifies for protection, the Producing

28   Party also must clearly identify the protected portion(s) (e.g., by making appropriate

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Paragraph IV̶VI of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. During the meet and confer process, the Designating Party must state the bases for its objections to each challenge on a document by document basis. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge

11

without court intervention, the Challenging Party shall file a "Notice of Improper Confidential Designation" with the Court ("Notice"). The Notice shall list the challenged documents by Bates label (or other identifying label if no Bates label). The Designating Patty shall file a "Motion to Maintain Confidentiality" within fourteen (14) calendar days of the Notice, explaining why the documents should or should not be de-designated. Failure by the Designating Party to make such a Motion within 14 days of the Notice shall automatically waive the confidentiality designation for each challenged designation. The Challenging Party will then have fourteen (14) calendar days to file a Response. There shall be no Reply absent leave of Court. Either party may lodge but not file the challenged documents with the Court during this stage of the challenge process. The burden of persuasion as to whether information is confidential shall be on the Designating Party.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section XIII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably

necessary to disclose the information for this Action;

b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) the court and its personnel;

e) court reporters and their staff;

f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit ~~1~~ A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

13

"CONFIDENTIAL," that Party must:

    a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

    9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   Inadvertent Production of Privileged or Otherwise Protected Material

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. ~~By stipulating to the entry of this Protective Order n~~No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

16

must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

DATED:  June  21 , 2023

_Karen L. Stevenson_
CHIEF MAGISTRATE JUDGE KAREN L. STEVENSON

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order

that was issued by the United States District Court for the Central District of

California on _____ in the case of *G. Ashley v. Michel Moore, et al.*; 2:22-

cv-04909-DMG (KSx). I agree to comply with and to be bound by all the terms

of this Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or

entity except in strict compliance with the provisions of this Order. I further

agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination

of this action.  I hereby appoint _____ [print or type

full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

18