UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-4909-DMG (KSx)** | Date | August 25, 2023 |
|---|---|---|---|
| Title | ***G. Ashley v. Michael Rey Moore, et al.*** | Page | 1 of 2 |

Present: The Honorable DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| NONE | NONE |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR SECTION 636 REVIEW OF DISCOVERY ORDER [110]**

This matter is before the Court on Plaintiff G. Ashley's motion for reconsideration of Hon. Karen L. Stevenson's May 11, 2023 discovery minute order denying his Motion to Compel Interrogatory No. 10. [Doc. ## 104 ("MO"), 110 ("Motion").] Defendants did not file an Opposition to this Motion. For the reasons set forth below, the Court **DENIES** Ashley's Motion.[1]

Where a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(a); *see also United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he magistrate judge's decision in . . . nondispositive matters is entitled to great deference by the district court.").

Magistrate Judge Stevenson denied Ashley's Motion to Compel Interrogatory No. 10 for two reasons. First, she reasoned that it exceeded the limit of 25 written interrogatories under Rule 26(a)(1) because it consists of five subparts about six different defendants. MO at 5 (citing *Safeco of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Second, she determined that the information sought in the various subparts of Interrogatory No. 10 are "either more readily accessible from other sources than Chief Moore individually or [are] wholly irrelevant to the civil rights claims and defenses at issue in this case." *Id.*

Magistrate Judge Stevenson's decision is not clearly erroneous or contrary to law. Interrogatory subparts are counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco*, 181 F.R.D. at 445 (citing *Kendall v. GES Exposition Services*, 174 F.R.D. 684, 685 (D. Nev. 1997)). If the first

[1] The Court notes that Ashley failed to serve and file objections per the requirements of Fed. R. Civ. P. 72(a). The Court will construe this motion as an objection for the purposes of this order, but Ashley's counsel is reminded to comply with all applicable procedural rules in the future.

question can be answered fully and completely without answering the second question, the second question is totally independent to the first and not "factually subsumed within and necessarily related to the primary question." *Kendall*, 174 F.R.D. at 686.

Here, there is no logical or factual connection between the five categories of information Ashley seeks about each officer Defendant. Ashley seeks information about the education, previous employment, workplace qualifications, residential addresses, and birthdays of the officer defendants, all of which are discrete categories of information that are independent of the other and can stand alone. The qualifications of an individual to perform the tasks of their government employment are not necessarily related to a primary question of "Who is he?" as Ashley claims. Motion at 4. As each subpart can be answered fully and completely without answering the subsequent parts, the subparts are considered independent questions. Accordingly, Magistrate Judge Stevenson's finding that Interrogatory No. 10 exceeds the limit of 25 written interrogatories was not clearly erroneous or contrary to law.

Moreover, a Court has a duty to "limit the frequency or extent of discovery allowed by [the] rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Information about the officers' birthdays and residential addresses is unrelated to the civil rights claim at issue and, even if relevant, is more readily accessible from sources other than Chief Moore.

In light of the foregoing, the Court **DENIES** Ashley's Motion.

**IT IS SO ORDERED**.